(No. 14234.—Reversed and remanded.)

THE MT. OLIVE AND STAUNTON COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (FRANK FRITCHI, Defendant in Error.)

*Opinion filed February 22, 1922.*

WORKMEN'S COMPENSATION—*when award for permanent partial incapacity cannot stand.* Where the evidence shows the injured employee's ability to work is increasing, and that he earned, during five months after returning to work, an average of $7.17 per day, (disregarding an increase in the rate of wages,) while for the same length of time before his injury he earned an average of $8.38, an award for permanent partial incapacity based on a difference of $10 in the average weekly earnings before and after the accident has no support in the record and cannot stand.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding.

T. W. QUINLAN, for plaintiff in error.

KERR, MACDONALD & MURPHY, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

July 18, 1919, Frank Fritchi, defendant in error, was injured while employed as a loader in the mine of plaintiff in error. Some coal fell and struck him in the back and hips and caused a severe sprain in the pelvic region. No bones were fractured or broken but the injury caused a separation of the pubic bones and a displacement of the sacroiliac joint. These subluxations rendered defendant in error incapable of work for about four months and reduced his capacity to work for about two months more. Early in November an X-ray examination was made, and his attending physician discharged him on the 12th as improved to the extent that he could do light work. He returned to the mine December 20 and since that time has pursued his usual occupation

as loader.   Compensation was paid for temporary total disability, and the only question in controversy is the per cent of loss of earning power, if any, sustained by defendant in error by reason of his injury.   The Industrial Commission found that the difference between the average amount which he earned before the accident and the amount which he is now able to earn is. $10 a week, and that he had three children under the age of sixteen years, and accordingly awarded him compensation in the sum of $6.50 a week for 394 weeks for permanent partial incapacity.   The circuit court of Macoupin county confirmed this decision on review, and we have granted the petition for writ of error from this court for a further review.

The award was made under paragraph (*d*) of section 8 of the Compensation act, which provides:   "If, after the injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall   *   *   *   receive compensation   *   *   *   equal to fifty percentum of the difference between the average amount which he earned before the accident, and the average amount which he is earning or is able to earn in some suitable employment or business after the accident."   (Laws of 1919, p. 542.)   Paragraph (*j*) provides that the percentum shall be increased five percentum for each child of the employee under sixteen years of age at the time of the injury to the employee, until such percentum shall reach a maximum of sixty-five percentum.

The amount the injured employee is able to earn, within the meaning of the language used in paragraph (*d*), will never be less, and may be more, than he actually earns.   If the employee is making an honest effort to work and the evidence shows that he is actually earning what he is able to earn, then a fair award for the partial disability he has suffered would be the statutory percentage of the difference between the average amount he actually earned before his

injury and the average amount he is actually earning since his injury. "There is no intent expressed in the statute that he should or ought to recover for pain and suffering, merely. The object of the statute is fully accomplished when the employee is in such physical condition that he is earning or is able to earn by his own efforts the same amount of wages as he was earning before his injury. The words 'or able to earn' were evidently added to express the idea that an employee cannot loaf or refuse to work and recover compensation if he is, in fact, physically able to earn full wages. An employee is physically able to work when he can do so without seriously endangering his health or life." *Voight* v. *Industrial Com.* 297 Ill. 109.

All the evidence in the record shows that the ability of defendant in error to work is increasing. During the five months immediately preceding the injury his average daily wage was as follows: March, $7.91; April, $8.17; May, $8.86; June, $8.85; July, $8.09. His average daily earning power over this five-months period was therefore $8.38. During the five-months period immediately following his return to work after the injury his average daily earnings were as follows: January, $6.66; February, $8.78; March, $8.69; April, $9.99; May, $8.89. This gives him an average daily earning power during this five-months period of $8.60. Defendant in error testified that there was a twenty per cent increase in wages that went into effect. between the time he was injured and the time he returned to work. Giving him credit for this increase, he would have been able to earn at the old rate after he returned to work $7.17 a day, which would mean a loss in earning power to him of $1.21 a day, or $7.26 a week. If we carry the twenty per cent increase back to the period before his injury, we find that he would have been able to earn under this higher scale of wages $10.06 a day. Subtracting from this the amount he actually earned, it appears that he sustained a loss of earning power amounting to $1.46 a day,

or $8.76 a week. Whatever method of calculation is used, it is manifest that the finding of the Industrial Commission that there was a loss of earning power of $10 has no support in the record, and the circuit court erred in refusing to set aside the decision of the commission and remand the cause.

The judgment is reversed and the cause is remanded to the circuit court of Macoupin county, with directions to refer the claim to the Industrial Commission for further consideration upon the record now presented and any further evidence the parties may choose to present.

*Reversed and remanded, with directions.*