(No. 14801.—Judgment reversed.)

JAMES H. PERKINSON *et al.* Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(PROKOP POPLOWSKI, Defendant in Error.)

*Opinion filed December 19, 1922.*

1. WORKMEN'S COMPENSATION—*burden is on applicant to establish claim by competent testimony.* The burden is on the applicant to establish his claim to an award by evidence, and the award must rest on competent testimony and cannot be based on mere conjecture or surmise.

2. SAME—*when an employee is physically able to work.* An employee is physically able to work when he can do so without endangering his life or health.

3. SAME—*when award is not supported by the evidence.* An award for thirty-nine weeks' total disability and further payments for partial permanent incapacity is not supported by evidence showing that the applicant's condition was due to hernias which were not caused by the accident, and where the record shows that the applicant continued to work at his trade at a substantial salary, except for a few days immediately following the accident and during the time required for an operation for the hernias.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

J. H. PERKINSON, for plaintiffs in error.

HARRY D. KNIGHT, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Prokop Poplowski, a sheet-metal worker for Perkinson & Brown, a partnership, claimed to have sustained an accidental injury March 25, 1919, arising out of and in the course of his employment, for which he filed a claim for compensation. A hearing was had before an arbitrator on May 26, 1919, and applicant was awarded $15 per week for 260 weeks and $10 for one week. Plaintiffs in error filed a petition for review by the Industrial Commission, and the

305—40

hearing on review was had December 16, 1919. The Industrial Commission set the award of the arbitrator aside and awarded applicant $15 per week for 36 weeks and $9 per week for 30 weeks. Plaintiffs in error sued out of the circuit court a writ of *certiorari* to review the award. On January 14, 1920, before the case was heard in the circuit court, plaintiffs in error filed a petition under paragraph (*h*) of section 19, alleging applicant had recovered, his disability had ceased and that he was then at work for Knisely Bros. at $44 per week. The Industrial Commission found the disability had not ended and denied the prayer of the petition, from which decision plaintiffs in error sued out a writ of *certiorari*. The two cases were consolidated by the circuit court and heard together. The circuit court set the decisions of the Industrial Commission aside and remanded the cause to the commission for a new hearing and decision on the competent evidence theretofore taken and such other testimony as might be offered. The Industrial Commission again heard the case February 1, 1921, and awarded the applicant $15 per week for 39 weeks and $9 per week for 328 weeks. The circuit court on review confirmed the award, except the time of payment of the award of $9 per week was reduced to 268 weeks. This writ of error was granted to review that judgment.

At the last hearing by the Industrial Commission a transcript of the testimony heard at the three previous hearings was introduced in evidence.

On the 25th day of March, 1919, applicant was injured by being hit in the back with a movable work-bench or table, which had wheels under its legs that ran in a channel or track on the floor. While he was at work this table was moved against his back, and he was pinched against a work-bench and claims to have sustained serious injury. He was taken to the office of plaintiffs in error and a doctor called, who examined him. He found no marks, bruises or abrasions of the skin. There was some tenderness over the

pubes in front and two old inguinal hernias. Poplowski went home and was out walking around town in three days. After five days he returned to work and continued to work three days, when he quit, claiming it pained him to work.

At the time the original application for compensation was heard, Poplowski testified the truck or bench came against the lower part of his back and squeezed him; that after the doctor examined him he was taken home, felt sore and had a pain in his back; that he also had a swelling on both sides in front; that before the accident he had no pain in his abdomen and never lost any time from sickness; that he went back to work on Monday after the accident and worked three days, but he was sick and went home and went to bed, since which time he has not been able to work. He testified the doctor came to see him four times, took him to the hospital and had an X-ray picture taken. His brother testified he was about forty feet from him when the accident occurred and heard him say "ouch." He helped his brother to the office and went home with him. He called to see him about three times a week and found him in bed. He had a little swelling on each side of the abdomen. That, as we understand the abstract, is all the testimony offered by Poplowski.

For plaintiffs in error, Dr. Avery testified he was called to the office of plaintiffs in error and examined Poplowski March 25. He was sitting in a chair and complained of some pain over the front of the stomach and in his back. There was some tenderness over the pubes in front but no marks of any kind on the skin and no bones were broken. He found an old inguinal hernia on each side of the abdomen. Poplowski did not complain of them, and the doctor called the attention of one of plaintiffs in error to them. The doctor saw him about eight days after, in bed. He complained of pain in the back. There were no marks and no tenderness or swelling as a result of the injury. On the 16th of April the doctor took him to a hospital and

made an X-ray picture to see if there were any injuries to the bone. There were none. The doctor said it would be impossible for the double rupture to be caused by the accident as it was explained by Poplowski. The rupture had existed for years. The doctor testified he was able to work April 16; that thousands of men with inguinal hernias work every day. There were no external signs of hernia or swelling. L. J. Kinne testified he was moving the truck or table when it struck Poplowski; that he asked him if he was hurt, and he said he did not know. The bench or truck was about thirty-two inches high. The witness saw and walked with Poplowski on Friday before he testified and said he could walk as fast as the witness could. At the hearing on review Dr. Avery testified for plaintiffs in error and identified the X-ray plate which was produced there. That hearing was had December 16, 1919. Poplowski testified he had been operated on for hernia about two months before and was in the hospital two weeks. The wounds had healed. He testified he could not work,—that it hurt him. He also testified he had worked two and one-half days the previous week but could not work any more; that he had worked for Knisely Bros. at metal work.

The hearing was had on the petition filed by plaintiffs in error under paragraph (h) of section 19 on May 20, 1920. The paymaster and timekeeper for Knisely Bros. testified for plaintiffs in error that Poplowski worked for Knisely Bros. from the week ending December 13, 1919, until about a month before the hearing at which the witness testified, and was paid a dollar an hour till May 1 and then $1.25 per hour. He was laid off because work became slack.

After the award was reversed and the cause remanded, when it came on to be heard again by the Industrial Commission, Poplowski testified that he had not worked for two months; that the last place he worked was for the Sykes Company as a sheet-metal worker at $55 per week; that he worked there about seven months; that before that he

worked for Knisely Bros. for $44 per week; that now it hurt him to lift heavy things and he was looking for light work.

Dr. Adams testified he had examined Poplowski recently before he testified and that he had a recurring rupture on the left side. He testified if a person was pinched over the pubes it would not cause hernia unless the pubes were fractured. Dr. Avery testified he examined petitioner February 2, 1921; that the wound from his operation had healed perfectly; that there is a small bulging on the right-hand side, which might incapacitate him for heavy lifting but not for light work. The foreman for the Sykes Company testified Poplowski began work for that company on May 14, 1920, and worked until December 15, 1920, when he was laid off on account of slack times; that he never complained of not feeling well; that he worked on metal sheets weighing as heavy as six pounds to the foot and had to lift them on the table and cut them; that he considered Poplowski a capable, efficient workman and would employ him again if he had work for him to do.

We have repeatedly held the burden is on the applicant to establish his claim to an award by evidence, and that an award must rest on competent testimony and cannot be based on mere conjecture or surmise. (*Peterson & Co.* v. *Industrial Board,* 281 Ill. 326; *Goelitz Co.* v. *Industrial Board,* 278 id. 164; *Swift & Co.* v. *Industrial Com.* 302 id. 38; *Peoria Railway Terminal Co.* v. *Industrial Board,* 279 id. 352.) The proof in this record shows the applicant worked at his trade of sheet-metal worker between December, 1919, and December, 1920, about eleven months, and received as wages part of the time $44 per week and part of the time $55 per week. During that time he made no complaint of any disability. The foreman of the Sykes Company, for whom he worked from May to December, 1920, testified he was an efficient and capable workman and he would employ him again if he had work for him. Ap-

plicant never quit work at either place until he was laid off on account of slack times at his employers' factories. A man is physically able to work when he can do so without endangering his life or health. (*Shoal Creek Coal Co.* v. *Industrial Com.* 300 Ill. 551; *Voight* v. *Industrial Com.* 297 id. 109.) No claim was made for first aid, medical, surgical or hospital services. The proof wholly failed to sustain applicant's claim that the accident disabled him to perform his usual and customary work. The hernias, which he had at and before the time of the accident, the proof shows were not caused by the injury complained of. The most of the time he lost was caused by the operation for the hernias.

The award was not justified by the proof. It is set aside and the judgment confirming it reversed.

*Judgment reversed.*