(No. 14880.—Judgment affirmed.)

THE SLOGO COAL COMPANY, Plaintiff in Error, *vs.* THE IN-DUSTRIAL COMMISSION *et al.*—(ROSCOE NOLEN, Defend-ant in Error.)

*Opinion filed February 21, 1923.*

1. WORKMEN'S COMPENSATION—*facts forming basis of original award cannot be reviewed under paragraph (h) of section 19.* The evidence heard by the arbitrator and by the Industrial Commission in making and confirming the original award is conclusive in a proceeding for a review under paragraph (*h*) of section 19 of the Compensation act, and the only question to be determined in such proceeding is whether the disability has increased, diminished or ended.

2. SAME—*an increase in rate of wages cannot be considered on question of earning capacity after injury.* In a proceeding under paragraph (*h*) of section 19 of the Compensation act for a review of an award on the ground that the employee's disability has diminished or ended, the fact that the employee is earning more per day since the injury than he earned before, as the result of an increase in the rate of wages, cannot be taken into consideration on the question of his earning capacity subsequent to his injury.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

DENISON & SPILLER, (R. H. DAVIS, of counsel,) for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The defendant in error, Roscoe Nolen, was awarded compensation under the Workmen's Compensation act at the rate of five dollars per week for 397 weeks for partial permanent disability for an injury received on October 2, 1918, while in the employ of the plaintiff in error. The award was entered May 21, 1919, and affirmed by the Industrial Commission on November 26, 1919. On April 24,

1920, within eighteen months after the award was entered, the plaintiff in error filed its petition with the commission for review on the ground that the disability of Nolen had ended. The petition for review states that Nolen has completely recovered from the effects of the injury for which the award was originally made and that he is now able to and is earning as much as he did before the alleged injury. The commission on hearing denied the plaintiff in error's petition, and the circuit court confirmed the decision of the commission.

On the hearing on review plaintiff in error introduced a stenographic report of the testimony given at the hearing before the arbitrator and before the commission on review of the award by the arbitrator, and in addition thereto the testimony of Dr. Walker, who had made an examination of Nolen on or about the second day of March, 1920. The stenographic report of the evidence heard by the arbitrator and by the Industrial Commission on review cannot be reviewed in this case for the purpose of determining whether or not it supports the award. That question became *res judicata* upon failure of the plaintiff in error to seek a review of the decision of the commission. (*Stromberg Motor Device Co.* v. *Industrial Com.* 305 Ill. 619.) The award constitutes a final adjudication upon all matters in dispute up to the time of the hearing at which the award is made. (*Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 Ill. 120.) The fact of the injury, and the disability arising therefrom, which formed the basis of the original award, is not open to review under paragraph (*h*) of section 19, but the extent of the disability, so far as the same may have increased, diminished or ended, is properly subject to review under said paragraph.

The testimony, as shown by the stenographic report of the evidence heard before the arbitrator, is that defendant in error was driving a mule for plaintiff in error on October 2, 1918, and received an injury by being crushed be-

tween a car and a trap-door but leaving no objective symptoms of serious injury; that Nolen complained of serious pain in the abdominal cavity, and finally submitted to an operation for the purpose of discovering, if possible, the cause of the pain; that when the abdomen was opened it was found that the fatty tissue surrounding the alimentary canal and the omentum over the peritoneum were congested, the gall bladder was distended, and other symptoms were present which are usual in case of a squeeze of the character complained of; that there was nothing done in the operation which would relieve the condition that was found there; that the operation was practical and necessary in order to diagnose his condition and to so treat him as to enable him to resume physical labor; that he was improved by the treatment from twenty-five to thirty-three and one-third per cent.

The medical testimony in support of the petition for review under paragraph (*h*), other than that taken before the arbitrator, was to the effect that Nolen on March 2, 1920, complained of pain in the lower quadrant of the bowel whenever he attempted to do lifting, though he is not so affected by ordinary movements, such as walking; that his work in the mine intensifies the pain to such a degree as to at times cause vomiting; that he claims to have pain at times which reaches to the left kidney and is irregular in character; that he works most of the time but is occasionally forced to lay off for two or three days at a time on account of pain. The testimony showed that his pulse and temperature are normal, appetite and digestion good, and there are no objective symptoms of any former traumatic injury.

The record contains nothing as to the earning capacity of Nolen prior to his injury other than the finding of the arbitrator and appears not to have been abstracted by the plaintiff in error. The arbitrator found the annual earnings of Nolen during the year next preceding the injury to be

$1680. To establish the earning capacity of Nolen subsequent to the injury a statement of his wages as an employee of the Johnston City Washed Coal Company, by which he was employed as a driver, shows that from August 1, 1919, to June 15, 1920, he was paid $1060.70. Prior to his injury he was employed by the plaintiff in error as a driver at $5 per day. From August 1, 1919, to December 1, 1919, he was paid by the Johnston City Washed Coal Company at the rate of $5 per day, and from December 1, 1919, to April 1, 1920, at the rate of $5.70 per day, and from April 1, 1920, to June 15, 1920, at the rate of $6 per day. The additional compensation of seventy cents per day and $1 per day should not be taken into consideration in determining his earning capacity subsequent to his injury. (*Mt. Olive and Staunton Coal Co.* v. *Industrial Com.* 301 Ill. 521.) Deducting the excess earnings over $5 per day from his gross earnings, as shown by the evidence, subsequent to his injury, leaves net earnings of $953 for the period between August 1, 1919, and June 15, 1920, or approximately ten and a half months, which was proven as the year's run of the mine. The evidence does not show how many months the mine worked in the year next preceding the date of the injury. In view of the fact that plaintiff in error made no attempt to show a difference in the length of time of operation, we may consider the year preceding and that following the injury to be similar in that regard.

From the foregoing analysis of the evidence in the case, whether viewed from the physical symptoms of Nolen or his earning capacity, it cannot be said that Nolen at the time of filing the petition for review had completely recovered from the effects of the injury so that his earning power was equal to what it was before the date of the injury.

The circuit court did not err in confirming the decision of the commission. The judgment of that court is therefore affirmed.

*Judgment affirmed.*