(No. 16182.—Judgment affirmed.)

THE CONSOLIDATED COAL COMPANY OF ST. LOUIS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (TONY SCHRAGAL, Defendant in Error.)

*Opinion filed December 16, 1924.*

1. WORKMEN'S COMPENSATION—*compensation for partial disability is not based on opportunity to work.* Compensation is not based upon physical or mental disability except as it affects earning capacity, and compensation for partial disability is not based on opportunity to work but is based on previous earnings and earning capacity and is measured by loss of such earning capacity due to the accident.

2. SAME—*employer petitioning for review under paragraph (h) of section 19 must show increase in employee's earning capacity.* An employer petitioning for a review of an award under paragraph (h) of section 19 of the Compensation act on the ground that the injury has diminished and decreased, must prove that the injured employee's earning capacity has increased since the award was made; and such proof is not made by merely showing that the opportunity to work has increased.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

ED M. SPILLER, (A. P. WODRASKA, of counsel,) for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Tony Schragal, the defendant in error, made application to the Industrial Commission for compensation, claiming that he was injured by reason of an accident which arose out of and in the course of his employment as a coal loader while working for plaintiff in error, and was given an award against plaintiff in error for $14 a week for 12 4-7 weeks for temporary total incapacity for work, the further sum of $10.03 per week for a period of 200 weeks, and $9.27 for 197 weeks further for partial incapacity. Thereafter plaintiff in error filed a petition under paragraph (*h*) of section 19 of the Workmen's Compensation act, claiming, in substance, that the injury of defendant in error had diminished and decreased. A hearing was had on the petition before the Industrial Commission and the prayer of plaintiff in error's petition denied. The circuit court of Williamson county reviewed, on *certiorari,* the order of the Industrial Commission and confirmed it. The record is now before this court on writ of error.

The evidence upon which the original award was based and which is a part of the record upon this hearing, shows that during the year prior to the injury defendant in error worked 153 days, mining 1758 tons of coal, and earned thereby $1584.42, or an average daily earning of $10.35. The evidence in the present record is very meager and consists of a wage statement showing that from July 15, 1921, to February 15, 1922, defendant in error worked 101 7-8 days as a timberman, at a fixed rate of $7.50 per day, during which time the mine worked 76 days,—the time which defendant in error could have worked had he been employed as a loader, as he was prior to the accident. The evidence does not show how much wages were paid timbermen prior

to the accident nor how much were paid loaders from July 15, 1921, to February 15, 1922.

It is contended by plaintiff in error that the disability to the defendant in error had diminished and decreased, for the reason that he had been able to work, and has worked in the coal mine as timberman, more days than the mine at which he was employed worked; that had he continued in the employment at which he was working when injured he would have only had the opportunity to work 76 days, and that by virtue of being a timberman and having an opportunity to work when other miners did not work, the amount which he received for his 101 7-8 days' work was largely in excess of what he would have earned had he continued to work in the capacity in which he was employed prior to the accident. Compensation is not based on physical or mental disability, except as it affects earning capacity, nor on opportunity to work, but is based on previous earnings and earning capacity and is measured by loss of such earning capacity due to the accident. While the evidence shows that defendant in error's opportunity to work has increased since the award, it was incumbent upon plaintiff in error to prove that his earning capacity had increased since that time, and this the evidence has failed to do. The evidence on the hearing having failed to show that the compensation awarded defendant in error was more than fifty percentum of the difference between the average amount which he earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident, the Industrial Commission and the circuit court properly refused to reduce the amount of the award.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*