THE PERRY COUNTY COAL CORPORATION, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WALTER AYERS, Defendant in Error.)

*Opinion filed February 17, 1925.*

WORKMEN'S COMPENSATION—*what does not show that employee is not permanently incapable of work.* The fact that an employee who has sustained a severe injury to the spine is thereafter able, with the assistance of his wife and hired help, who did much of the work, to act as secretary of the local mine union and as tax collector, does not show that he is not permanently incapable of work, as found by the Industrial Commission; and the mere fact that the medical witnesses disagree as to whether the incapacity is due to the injury or to arthritis does not require setting the award aside.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

M. C. YOUNG, (BURTON & HAMILTON, of counsel,) for plaintiff in error.

W. J. MacDonald, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Walter Ayers, employed by the plaintiff in error, was injured March 23, 1920. He claimed the injury was to the spine, in the lumbar region, and was caused by being squeezed between a car and the face of coal while he was trying to hold the car back, and he has been unable to work since. He filed application for compensation. The arbitrator made an award of $14.40 for 277 weeks for partial permanent incapacity for work and $11.20 for one week, an aggregate of $4000. The arbitrator found plaintiff in error had paid $1109.91, for which it was entitled to credit, leaving a balance due of $2890.09. The award was confirmed by the Industrial Commission and plaintiff in error removed the case by *certiorari* to the circuit court. That court set aside the award and remanded the case to the commission for further hearing. The hearing was had October 15, 1923, and an award was made of $14 per week for 285-5/7 weeks and a pension for life of $26.66⅔ per month. The award was confirmed by the circuit court, and the record is before us for review on writ of error granted by this court.

No material question of law is presented by the record, the chief complaint of the plaintiff in error being that the award is not sustained by the evidence. The rules governing such controversies have been so often stated that it is unnecessary to refer to or repeat them.

We shall make very brief reference to the evidence. There were in all three hearings before the arbitrator and commission, and a considerable amount of testimony was heard, being chiefly that of doctors who had at different times examined Ayers. There is no dispute that Ayers received an injury to his spine, in the lumbar region, of such severity that he was rendered unable to continue work.

The disputed question is whether his continued disability resulted from the injury or from some other cause,—arthritis, as plaintiff in error claims. The testimony for the claimant, including that of medical witnesses, was to the effect that it was caused by the accident, which caused an injury to the spine and a fracture of one of the vertebræ. The testimony of medical men for plaintiff in error was that the disability resulted from arthritis. Some of the doctors who so stated said when they first examined Ayers there was no fracture, but they later discovered the fracture and said it must have occurred after their first examination. Ayers was in a hospital for some time, under treatment. His body was put in a plaster cast several weeks and then in a steel jacket or corset, but none of the treatments relieved his condition. The doctor who thought his condition was caused by arthritis removed his tonsils, but that afforded no relief.

We have read the testimony, and are of opinion it abundantly sustains the claim that Ayers' condition is due to the accident. Dr. Harney, one of the medical witnesses for plaintiff in error, testified, referring to Ayers: "This man is a sick man; there isn't any doubt about it; he isn't able to perform manual labor," but still expressed the belief his condition was due to arthritis. Other medical testimony was that Ayers was unable to do manual labor and that his injury was permanent. No good can be served by setting out the evidence in greater detail. It shows Ayers' condition to be such that he is unable to perform physical labor.

Under the advice of physicians Ayers attempted to engage in some kind of employment. He and another man bought a studio and attempted the photographic business, but Ayers was unable to do the work and abandoned it. He bought a restaurant outfit, which his wife ran. He made nothing in his photographic business and it does not appear whether his restaurant venture was profitable, but that is

immaterial. He was secretary for his local union and was paid $30 per month, but his wife helped him and did much of the work. He was elected tax collector,—a position which paid two per cent on the amount of taxes collected. He hired others to do most of the work of collecting the tax. Plaintiff in error contends these things show Ayers was not wholly and permanently incapable of work and the award was not justified. The amount and character of the work Ayers has been able to do, as shown by the testimony, does not tend to show he is not "permanently incapable of work." Plaintiff in error's medical witnesses so testified.

The testimony abundantly sustains the award, and there is no error of law in the record which would justify reversing the judgment of the circuit court confirming it.

*Judgment affirmed.*