FRED E. ROLLER *v*. HARRY H. WARREN ET AL.

January Term, 1925.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 16, 1925.

*Master and Servant—Workmen's Compensation Act—Con-clusiveness of Commissioner's Findings of Fact—"In-capacity for Work," Total and Partial—Total Disability for Work Usually Question of Fact—Sufficiency of Evidence to Support Finding of Total Disability for Work.*

1. Finding of commissioner of industries is conclusive on appeal, so far as it is a question of fact, except when questioned on ground of lack of supporting evidence.

2. Term "incapacity for work," as used in Workmen's Compensation Act, means loss of earning power as a workman in consequence of injury, whether loss manifests itself in inability to perform such work as may be obtainable or inability to secure such work to do, providing lack of opportunity to work is not due to servant's fault or to general business depression.

3. Total incapacity for work within Workmen's Compensation Act exists not only so long as injured employee is unable to do work of any character, but also while he remains unable as a result of his injury either to resume his former occupation or to procure remunerative employment at a different occupation suited to his impaired capacity.

4. Partial incapacity for work is where injured workman is able both to procure and to perform work at some occupation suitable to his then existing capacity, but less remunerative than the work in which he was engaged when injured.

5. Total disability for work, within Workmen's Compensation Act, is necessarily a relative term depending in a measure upon character of available occupation and capabilities of workman, and is ordinarily question of fact depending largely upon circumstances of particular case, whether it exists therein being a matter calling for the exercise of sound judgment on part of commissioner, acting within provisions of Act.

6. Finding of commissioner of industries that plaintiff, seeking compensation under Workmen's Compensation Act, was totally disabled for work during a certain period, held not erroneous as matter of law, as facts found, together with inferences which might be properly drawn therefrom, did not compel conclusion that plaintiff was only partially disabled for work during such time.

APPEAL by defendants to Supreme Court, Bennington County, from order of commissioner of industries, under Workmen's Compensation Act, directing payment of compensation of injured workman on basis of total disability for work. The opinion states the case. *Affirmed.*

*M. P. Maurice* for defendants and appellants.

*Robert E. Healy* for the claimant.

TAYLOR, J.    This is an appeal by the defendants in a compensation case.    The plaintiff, a resident of Bennington, suffered an accident on April 9, 1921, for which he was entitled to compensation under the Workmen's Compensation Act.    A memorandum of agreement respecting compensation, signed by the plaintiff and the insurance company, was filed with and approved by the commissioner of industries in accordance with the Act.  G. L. 5801.  Among other things the agreement provided for payment of $12.50 per week from April 16, 1921, during the period of total disability.  In April, 1924, the parties were in disagreement respecting the extent of plaintiff's disability, and application for a hearing on that question was made to the commissioner August 1, 1924.    A hearing was held thereon, resulting in an order for the payment of compensation as for total disability to the date of the hearing and thereafter at the same rate until further order, or until the parties should agree that total disability resulting from plaintiff's injury had ceased.  The defendants have appealed to this Court from the commissioner's decision, pursuant to G. L. 5808.

Plaintiff's injury is described in the compensation agreement as a "strained knee."  The commissioner in making his award set forth the following facts:  At some time subsequent to the injury osteomyelitis developed in the injured leg which the medical evidence indicated was directly due to the injury.  Seven or eight operations have been performed on the leg for the removal of decayed bone, and further operations for such purpose are probable.  Up to the time of the hearing the plaintiff had been going to Troy weekly for surgical treatment.  He was then weak and sick and able to get about with difficulty.  His general health had been considerably impaired by the long period of suffering from the diseased condition of the bone.  In walking he was obliged to hold his foot in an abnormal position, and as a result had developed a condition for which medical treatment had been necessary.  Medical evidence indicated that at no time since his injury had his condition been such that he was able to perform any physical labor, and that any attempts to do so were unwise and contrary to the advice of doctors.  Commencing about September 1, 1923, the plaintiff had, whenever able, spent his time at a local cigar store and waited on trade and assisted the proprietor so far as he was able.  Many days he was not able to go to the store at all, estimated about three

months in all since the practice commenced. Each week the proprietor, who was a friend of the plaintiff, paid him what he considered his services worth, the average being, according to the plaintiff's estimate, about seven dollars per week. The defendants contended that because of these activities the plaintiff was entitled only to compensation on a partial disability basis. However, the commissioner found that the plaintiff was totally disabled continuously from the date of his injury until the date of the hearing, and that such total disability was likely to continue for a considerable time in the future.

[1] In substance, the only question for review is whether, in the circumstances shown, plaintiff's activities as assistant in the cigar store rendered his disability partial only within the meaning of the Workmen's Compensation Act (Chapter 241 of the General Laws). No question is made about plaintiff's condition prior to September 1, 1923. To that date it was unquestionably that of total disability in contemplation of the Act. G. L. 5785. The defendants do not question the commissioner's findings of fact, as of course they could not on an appeal to this Court, except for lack of supporting evidence. *Kelley's Dependants,* 95 Vt. 50, 113 Atl. 818. The finding that the plaintiff was totally disabled, notwithstanding what he did at the cigar store, is therefore conclusive of the matter, so far as it was a question of fact. The only question remaining is whether, as matter of law, one cannot be "totally disabled for work" within the meaning of the Act who performs services for pay such as are disclosed in the findings. This depends upon the construction to be given the terms "total disability for work" and "partial disability for work," on which the amount of the weekly compensation is made to depend.

Our Workmen's Compensation Act, adopted in 1915, is modeled after the act approved by the Commissioners on Uniform State Laws in 1914. The Act requires that its provisions shall be so interpreted and construed as to effect its general purpose to make uniform the law of those states which enact it. G. L. 5831. We are thus constrained to examine the decisions of other jurisdictions with this object in view.

[2] Practically all the states have adopted workmen's compensation acts. While not entirely uniform, they are essentially the same in many of their provisions. This is true of the sections relating to compensation for total and partial dis-

ability, the subject-matter of this inquiry. The term "incapacity for work," appearing in practically all workmen's compensation statutes, has come to have a well-settled meaning. It means loss of earning power as a workman in consequence of the injury, whether the loss manifests itself in inability to perform such work as may be obtainable or inability to secure work to do. 1 Honnold's Work. Com., p. 599. It may mean physical inability to do work so as to earn wages, or it may mean inability to earn wages by reason of inability to get employment. *Ray* v. *Frenchmen's Bay Packing Co.,* 122 Me. 108, 119 Atl. 191, 33 A. L. R. 112; note L. R. A. 1916A, 381. But the lack of opportunity to work must not be due, of course, to the servant's fault or to general business depression. *Milton's Case,* 122 Me. 437, 120 Atl. 533.

It has been said that a man is physically able to work, as far as his right to compensation under the Workmen's Compensation Act is concerned, when he can do so without endangering life or health (*Perkinson* v. *Industrial Com.,* 305 Ill. 625, 137 N. E. 398); and that the Act does not require an applicant to continue to work if it will cause him to suffer serious discomfort and pain while so engaged. *Joliet and E. Traction Co.* v. *Industrial Com.,* 299 Ill. 517, 132 N. E. 794. It should be noticed that compensation under such acts is not based on physical or mental disability, except as it affects earning capacity. It is based on previous earnings and present earning capacity, and is measured by loss of such earning capacity due to the accident. *Consolidated Coal Co.* v. *Industrial Com.,* 314 Ill. 526, 145 N. E. 675.

The Texas court has stated the rule thus: Total incapacity for work does not imply an absolute disability to perform any kind of labor, but a person disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment is ordinarily regarded as totally incapacitated. *Home Life & Acci. Co.* v. *Corsey* (Tex. Civ. App.), 216 S. W. 464; *Bishop* v. *Underwriters* (Tex. Civ. App.), 254 S. W. 441; *Moore* v. *Peet Bros. Mfg. Co.,* 99 Kan. 443, 162 Pac. 295, is to the same effect. It is pointed out in *Connelly's Case,* 122 Me. 289, 119 Atl. 664, that the test is not whether the injured employee is totally incapacited from performing the same kind of labor as he was performing at the time of his injury. It is said that the Act provides compensation for the

total or partial "incapacity for work"—the loss of earning power—and that in determining whether total disability to perform work still exists the commissioner should consider whether the injured employee is capable of performing any kind of available work.

    [3, 4]    The principle running through the cases is quite clearly stated in *Austin Bros. Bridge Co.* v. *Whitmire,* 31 Ga. App. 560, 121 S. E. 345. It is there held that incapacity for work is total within the Workmen's Compensation Act not only so long as the injured employee is unable to do any work of any character, but also while he remains unable as a result of his injury either to resume his former occupation or to procure remunerative employment at a different occupation suited to his impaired capacity; and that in case of partial incapacity such employee is able both to procure and to perform work at some occupation suitable to his then existing capacity, but less remunerative than the work in which he was engaged when injured.

    This is the doctrine of the English cases. The expression "incapacity for work" was evidently taken from the English Workmen's Compensation Act of 1906; accordingly the decisions of the English Courts defining the meaning of these words before the adoption of our Act are of weight. *Bosquet* v. *Howe Scale Co.,* 96 Vt. 364, 371, 120 Atl. 171; *In re Martin's Estate,* 96 Vt. 455, 120 Atl. 862. It was held in *Ball* v. *W. Hunt & Sons, Ltd.,* [1912] A. C. 496, that there is incapacity for work when a man has a physical defect which makes his labor unsaleable in any market reasonably accessible to him, and there is partial incapacity for work when such a defect makes his labor salable for less than it would otherwise bring. The test is not what the workman is able to earn, but what his present earning capacity is in the open market, the question being to what extent is he hampered in the labor market by reason of the accident. *Birmingham Mfg. Co.* v. *Dudley,* 102 L. T. R. 619, 3 V. W. C. C. 169.

    [5]    Stated broadly, the Act undoubtedly intends that the higher rate of compensation shall be adopted when the workman is not able to earn wages, and that where he does earn or is able to earn wages in a suitable employment credit is to be allowed for this sum to the extent specified. To the extent that the power to earn something is retained or has returned the workman does not incur the particular kind of loss for which compensation

is to be made. See *Ball* v. *W. Hunt & Sons, Ltd., supra.* The defendants rely upon this and similar general statements to be found in some of the cases. Their argument is that a workman cannot be totally disabled for work when he can get employment and perform .the duties thereof. The weakness of the argument is that it gives conclusive effect to the single circumstance that the workman performs some service for pay and wholly disregards the question of the fitness of the service to his impaired condition and his capacity to perform the same. "Total disability for work" is necessarily a relative term depending in a measure upon the character of the available occupation and the capabilities of the workman. Ordinarily it is a question of fact depending largely upon the circumstances of the particular case. *Clarke* v. *Travelers Ins. Co.*, 94 Vt. 383, 389, 111 Atl. 449. Whether it exists in the particular case is a matter calling for the exercise of sound judgment on the part of the commissioner, acting within the provisions of the act. *Joliet & E. Trac. Co.* v. *Industrial Com., supra.*

[6] We think it clear on principle, and on the authority of the cases as well, that it cannot be held as matter of law the commissioner erred in finding the plaintiff totally disabled for work during the time in question. The precise question has received attention in other jurisdictions. It has been held that a finding of total incapacity for work may be sustained, although the servant has been able to obtain some employment. *Hanley* v. *Union Stockyards Co.*, 100 Neb. 232, 158 N. W. 939; *State* v. *Dist. Court*, 129 Minn. 423, 152 N. W. 838; *Septimo's Case*, 219 Mass. 430, 107 N. E. 63. See *Duprcy's Case*, 219 Mass. 189, 106 N. E. 686; *Gailey* v. *Peet Bros. Mfg. Co.*, 98 Kan. 53, 157 Pac. 431; *Birmingham Cabinet Mfg. Co.* v. *Dudley, supra; Joliet & E. Trac. Co.* v. *Industrial Com., supra.* In the Septimo case it was held the finding by the industrial accident board that the servant was totally incapacitated for work could not be overthrown as matter of law by proof that after the accident the master re-engaged him at wages only slightly lower than those obtained before the injury, when it was further found that most probably the workman would have been unable to find employment elsewhere in view of his condition. In Duprey's case the finding was that the employee was totally incapacitated for all work except that which he could perform when seated; and that he had endeavored to obtain, but had been unable to find, any work

which the incapacity due to the injury would not prevent him from performing. Compensation was awarded based upon total incapacity for work. Affirming the decree, the supreme judicial court held it did not follow that Duprey was not totally incapacitated for work because he was physically able to perform certain labor—that the further finding respecting inability to obtain work warranted the finding that he was totally incapacitated for work although he had a limited physical capacity to work and earn money.

The circumstances of the instant case are even stronger for the plaintiff. There was no evidence of improvement in his physical condition—his capacity for work—but the contrary was fairly indicated. The evidence was that he had not been able to perform any physical labor since his injury and that his attempts to do so were unwise. If so, the service performed was not such as the law would require of him. The fact that it was physically possible for him to do the little work the case shows he did, when to do so was an indiscretion or error of judgment, would not conclude him from claiming that he was totally disabled for work. *Clarke* v. *Travelers Ins. Co., supra.* Besides, the nature of the service rendered and the gratuitous character of the pay received therefor would imply that the plaintiff was not capable of performing the service in such a way as to enable him to procure and retain the employment otherwise than as a matter of grace through friendship; that is to say, it could fairly be inferred that it was friendly consideration rather than ability to perform the service satisfactorily that enabled him to eke out the scanty income which the compensation for total disability afforded him. The facts found, together with the inference which may properly be drawn thereform (*Gates* v. *A. G. Dewey Co.,* 94 Vt. 320, 11 Atl. 446), do not compel the conclusion that the plaintiff was only partially disabled for work during the time in question.

*The award is affirmed with costs. Let the result be certified to the Commissioner of Industries.*