THE ST. LOUIS AND O'FALLON COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (JAMES McMANEMY, Defendant in Error.)

*Opinion filed April 23, 1926.*

1. WORKMEN'S COMPENSATION—*when a man is physically able to work.* A man is physically able to work when he can do so without endangering his life or health.

2. SAME—*when claim of permanent disability is not sustained by evidence.* An employee's claim that an injury has permanently disabled him from performing his usual and customary work as a coal-cutter in a mine is not sustained by the evidence where on cross-examination he admits having taken various jobs which, although brief in duration, required physical labor, and where the only disability of which he complains is a pain in his back, which the expert testimony shows is the result of focal infection not connected in any way with his injury and which could be remedied by removal of the infection.

3. SAME—*liability for compensation must rest upon facts established by preponderance of evidence.* Before a claimant can recover compensation he must prove by a preponderance of the competent evidence all the facts necessary to justify an award, as liability under the Compensation act cannot rest upon imagination, speculation or conjecture.

4. SAME—*when award for permanent partial incapacity must be set aside.* An award for permanent partial incapacity must be set aside where the evidence furnishes no basis on which to estimate the amount of such award as provided in the statute, even though the evidence sustains the portion of the award made for total temporary incapacity.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, presiding.

Farmer & Klingel, for plaintiff in error.

W. J. MacDonald, (A. W. Kerr, of counsel,) for defendant in error.

Mr. Justice DeYoung delivered the opinion of the court:

James McManemy on September 25, 1923, filed with the Industrial Commission an application for the adjustment of his claim for compensation, which he charged arose out of an accidental injury suffered on October 27, 1922, while employed as an operator of an electric coal-cutting machine by the St. Louis and O'Fallon Coal Company. After a hearing the arbitrator awarded McManemy $17 per week for 250 weeks and thereafter a pension of $28.33 per month for life because the injuries sustained caused complete and permanent disability for work. On review the Industrial Commission set aside the arbitrator's award and ordered the employer to pay McManemy $17 per week for 49 weeks,—the period of his temporary total disability for work,—and thereafter $7.05 per week for 368 weeks for partial incapacity from pursuing his usual and customary employment. The circuit court on June 25, 1925, confirmed the award made by the commission. Upon the company's petition this court granted a writ of error, and the record is here for a further review.

On October 27, 1922, McManemy was thirty-five years of age, married, and had three children under the age of sixteen years. He had been employed by the plaintiff in error about two years. He testified before the arbitrator that on the forenoon of the day in question, while engaged in lifting an electric coal-cutting machine by means of a bar or lever, the bar slipped and the weight of the machine bore down suddenly upon it, and consequently upon his hands and arms, and caused a shooting pain in the lower part of his back, to the left of the spine; that he reported

the accident, went home in an automobile and consulted a physician in the evening, who examined him, applied a bandage and gave him some liniment and salve; that he was under treatment about four months; that he had his tonsils removed in August, 1923, and seven teeth extracted in January following, but so far as his back was concerned he noticed practically no change thereafter; that the pain was in one spot, in the lower part of his back; that he had never had any serious illness or trouble with his back before the accident, and that he did not return to work because he could not lift anything.

Dr. A. B. McQuillan, a specialist in orthopedic surgery, testified on the part of the plaintiff in error that he had examined McManemy on January 29, 1923. He found that McManemy had bad teeth and tonsils, an extreme case of pyorrhea and inflammation of the gums, and that his scalp, head, eyes, ears, nose, chest, heart, abdomen, pelvis and the upper and lower extremities were negative; that the vertebræ were in line and in good condition, with all movements normal; that pressure disclosed no tenderness in the spine or vertebræ and there was no muscle spasm in the back; that an X-ray picture taken by Dr. J. S. Young disclosed a small linear fracture on the inner aspect of the lamina of the fifth lumbar vertebra, but the fracture had healed and there was no evidence of a trauma; that McManemy's tonsils were very much enlarged and chronically inflamed, and that he suffered from myositis, owing to focal infection. Dr. McQuillan again examined McManemy on September 3, 1923, after his tonsils had been removed but before his teeth were extracted. He testified that McManemy had no pain in the gluteal muscles, nor muscle spasm, although he still complained of pain in the lower lumbar region; that there was no evidence of injury which would account for the pain; that it resulted from focal infection and not from the strain of the accident and that after the removal of the infection his ailment would gradually disappear. On cross-

examination Dr. McQuillan testified that the broken lamina might have been a potential source of infection at first but not at the time of his examination, and that many persons who work have fractures of two or three laminæ. X-ray pictures were introduced in evidence to show the fracture concerning which Dr. McQuillan had testified, and that the fracture had healed.

Additional testimony was heard on review before the commission. McManemy testified that there was very little change in his condition, and that he had been unable to work and had done no work since the hearing before the arbitrator. On cross-examination, after repeated denials and evasions, he admitted that about three weeks before the hearing he had for a day and a half, with a rake, "leveled down a place" in East St. Louis; that beginning about a week later, as an employee of the Union Electric Light and Power Company in St. Louis, he had for seven or eight days shoveled dirt in the street for the laying of underground cables and assisted in the operation of an air machine for cutting the sides of catch-basins; that still later he had been employed by a lumber company in St. Louis, loading and hauling lumber; that on the day before the hearing he had handled empty chicken crates for a commission house, and that while so occupied he lived at a certain hotel, returning home only at the end of each week.

Dr. Young, a Roentgenologist, took X-ray pictures of McManemy's body on January 18 and November 3, 1923, and June 7, 1924. The plates of the first examination disclosed a very small linear fracture, beginning at the upper portion of the lámina and passing downward and inward. The next examination showed the condition improved, and from the final examination it appeared the fracture had been perfectly healed and that there was no other abnormality.

Plaintiff in error seeks to have the award set aside on two grounds: (1) That the commission's finding of permanent partial disability is not established by the evidence;

and (2) that the evidence furnishes no proper or legitimate basis for the amount of the award made by the commission.

The applicant claims that his disability is permanent. His only complaint is that he suffers from pain in his back. No evidence of any character other than his own testimony was adduced in his behalf. He has no deformity or abnormal condition which a layman can discern. The only expert testimony was offered by the plaintiff in error, and it was to the effect that the small linear fracture of the lamina of the fifth lumbar vertebra shown by the X-ray pictures had healed; that there was no evidence of any injury to which the pain of which the applicant complained could be ascribed; that it was not the result of the strain, caused by the slipping of the bar, but of focal infection, and that the pain would gradually disappear after the infection had been removed. Moreover, on cross-examination the applicant reluctantly admitted that immediately prior to the hearing before the commission he had leveled a place with a rake, had handled empty chicken crates for a commission house, had loaded and hauled lumber, and had shoveled dirt and assisted in operating an air machine for a public utility company in laying underground cables in a street. These employments, though brief, show that the applicant was able to perform physical labor, and that his statement, on direct examination before the commission, that he had been unable to work and had not worked since the arbitrator's hearing is entitled to little credence. A man is physically able to work when he can do so without endangering his life or health. (*Perkinson* v. *Industrial Com.* 305 Ill. 625; *Voight* v. *Industrial Com.* 297 id. 109.) The evidence fails to sustain applicant's claim that the accident permanently disabled him to perform his usual and customary work. Before a claimant can recover compensation he must prove by a preponderance of competent evidence all the facts necessary to justify an award. Liability under the Compensation act cannot rest upon imagination,

speculation or conjecture but must be based upon facts established by a preponderance of the evidence. *Inland Rubber Co.* v. *Industrial Com.* 309 Ill. 43; *Jersey Ice Cream Co.* v. *Industrial Com.* 309 id. 187; *Perkinson* v. *Industrial Com. supra; Swift & Co.* v. *Industrial Com.* 302 Ill. 38.

By paragraph (*d*) of section 8 of the Workmen's Compensation act, if, after the injury has been sustained, the employee, as a result thereof, becomes partially incapacitated from pursuing his usual and customary line of employment, he shall, with certain exceptions not here applicable, receive compensation, subject to certain prescribed limitations, equal to fifty percentum of the difference between the average amount which he earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident. Even assuming that the applicant sustained his claim that the accident partially incapacitated him from performing his usual and customary work, it cannot be determined from the evidence how much he earned or has been able to earn in some suitable employment since the accident. There is no basis in the evidence by or upon which the award can be fixed at $7.05 per week for 368 weeks for permanent partial incapacity to pursue his usual occupation. An award for permanent partial incapacity must be set aside where the evidence furnishes no basis on which to estimate the amount of such an award, even though the evidence sustains the portion of the award made for total temporary incapacity. *Union Colliery Co.* v. *Industrial Com.* 299 Ill. 153.

The judgment is reversed and the cause is remanded to the circuit court of St. Clair county, with directions to set aside the award and to remand the cause to the Industrial Commission for a further hearing on any competent testimony offered by either party.

*Reversed and remanded, with directions.*