NORBERT E. BEANE *v.* VERMONT MARBLE COMPANY.

(52 A2d 784)

February Term, 1947.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 6, 1947.

*Lawrence & O'Brien* for the defendant.

*Asa S. Bloomer* for the plaintiff.

JEFFORDS, J. On November 20, 1944, the plaintiff received an injury to his right leg arising out of and in the course of his employment by the defendant. As a result of the injury he was in a hospital for some time. He returned to work for the defendant in March, 1945, at the same rate of pay but worked no overtime, as he had before the accident. He stayed with the defendant until June, 1946, when he went into other employment at an increase in pay which he was receiving at the time of trial. Compensation payments were made to March 14, 1945, but none thereafter.

The plaintiff appealed to the county court from the decision of the commissioner of industrial relations awarding him permanent partial disability compensation. In that court a trial by jury was had. The jury in answer to two questions put to them by the court found that there had been a 50% permanent impairment of the usefulness of the right leg of the plaintiff. Judgment was entered on the verdict with exceptions to the defendant.

By P. L. 6527 it is provided that compensation shall be paid for certain specified injuries during total disability. At the termination of total disability it is further provided that the employer shall pay to the injured employee 50% of his average weekly wages for the periods stated against the injuries in question, subject to certain limitations not here material. Then follows a numbered list of seventeen specific injuries. Included in this list is the permanent and complete loss of the use of one leg. By subsection XVIII it is provided that, "In all other cases in this class, or where the usefulness of a member or any physical function is permanently impaired, the compensation shall bear such relation to the amounts stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule."

The only question raised by the defendant's exceptions to the refusal of the court to grant certain of its requests to charge and to the charge as given relate to the construction to be given to the words "usefulness of a member * * * is permently impaired" appearing in sub-section XVIII, *supra*. The court in its charge stated that these words are not limited in their meaning "solely to usefulness for the purpose of working." The position of the defendant is that within the meaning of the Workmen's Compensation Act compensation for the impairment of the usefulness of a

member of the body is limited to impairment affecting the earning capacity of the employee by reason of the impairment of his ability to work.

This is the first time that this question has been presented to us. In other jurisdictions, however, unless made impossible by the wording of the statute in question, it seems that most, if not all, of the cases hold that definite awards for specific injuries are fixed and determined by the amounts listed and do not depend on any decrease in earning capacity. Consequently, recovery may be had without regard to the fact that the wages of the injured employee are the same as, or higher than, they were prior to the injury. The same rule applies in cases where the usefulness of a member is permanently impaired although not entirely lost. *Clark* v. *Kennebec Journal Co.,* 120 Me 133, 113 A 51; *Swift & Co.* v. *Industrial Com.,* 302 Ill 38, 134 NE 9; *Stammers* v. *Banner Coal Co.,* 214 Mich 215, 183 NW 21; *De Zeng Standard Co.* v. *Pressy,* 86 NJL 469, 92 A 278; *State* v. *Industrial Com.,* 135 Ohio St 121, 19 NE 2d 895; *In re Denton,* 65 Ind App 426, 117 NE 520; *Huggins* v. *Jarrell & Co.,* 169 Tenn 77, 82 SW2d 870, 84 SW2d 100; *Manhatten-Long Const. Co.* v. *Breedlove,* 192 Okla 656, 138 P2d 827. See annotation, 149 ALR at p. 448 for additional cases.

In some states the basis for the rule is loss of earning power in the near or not remote future. This seems to be the reason for the holdings in the cases, *supra,* from Maine, New Jersey and Tennessee. In Ohio, Illinois and Indiana the decisions, *supra,* seem to be based on the fact that the statutes in question have arbitrarily fixed the amount of compensation to be paid for the scheduled specific injuries regardless of loss of earning capacity. In *State* v. *Industrial Com.* from Ohio, *supra,* it is said that the basic theory of nearly every compensation act is that the extent of compensation is to be measured by the impairment of earning capacity and that the notable exception is compensation for scheduled injuries.

There is nothing in the wording of P. L. 6527 or sub section XVIII thereof which affords any reason for departing from the rule laid down in the above cited cases. To the contrary, the statute as worded affords every reason for following the decisions in these cases.

. Sub section XVIII of P. L. 6527 is almost identical in wording with the corresponding section of the New Jersey statute. The reason for the rule stated in the decisions from that and other states with like holdings, hereinbefore stated, applies here.

█ The wording of P. L. 6527 is mandatory. It is provided that at the termination of total disability the employer shall pay compensation to the employee for certain specified periods. This mandate is not made subject to any conditions or qualifications here material. Thus our statute has arbitrarily fixed the amount of compensation to be paid for scheduled specific injuries regardless of loss of present earning power. This is the basis, as we have seen, for the holdings by the courts of Ohio and other states.

The defendant says that the key word in sub section XVIII is "disability". But the word used is "disabilities" which very apparently means physical disabilities and not disability in the sense of loss of earning capacity. The defendant refers to other sections of the Workmen's Compensation Act in support of its claim that sub section XVIII should be interpreted as allowing compensation only on a showing of disability to work. But these sections specifically require that compensation be based on "disability for work" (P. L. secs. 6521, 6525) or "diminished ability to obtain employment" appearing in P. L. 6485 defining partial disability as applied to disfigurement cases. Moreover, "disability" when used in respect to scheduled specific injuries is not restricted to such disability as impairs present earning power. *Buarbage* v. *Lee,* 87 NJL 36, 93 A 859.

The defendant quotes at length from *Marhoffer* v. *Marhoffer,* 220 NY 543, 116 NE 379, in support of its claim that all awards under the Workmen's Compensation Act must be based on loss of present earning power. That case does lay down the rule which applies generally and probably in all compensation cases except those of scheduled injuries. It does not deny the exception to the general rule and in fact impliedly, at least, recognizes it. That New York is in accord with the authorities above cited in respect to the question before us is shown by the case of *Matter of Bednar* v. *Ingersoll Rand Co.,* 279 NY 80, 18 NE2d 777.

None of the other cases, including *Roller* v. *Warren,* 98 Vt 514, 129 A 168, are in point. The latter case had to do with G. L.

5785 now P. L. 6521 which, as we have seen, specifically bases compensation for total disability on "total disability for work."

*Judgment affirmed, to be certified to the Commissioner of Industrial Relations.*