RAYMOND J. WILKINS, CLAIMANT *v.* BLANCHARD-McDONALD
LUMBER COMPANY ET AL.

(52 A2d 781)

February Term, 1947.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed May 6, 1947.

*Christopher A. Webber* for the defendants.

*Lawrence & O'Brien* for the claimant.

MOULTON, C. J. This cause comes before us on exceptions taken on behalf of the employer and the insurance carrier to an award of ·compensation made by the Commissioner of Industrial Relations to the claimant and to the findings of fact upon which the award is based. The findings state that the claimant sustained a personal injury by accident arising out of and in the course of his employment; that he was thereby temporarily totally disabled for work for a period of fifty-three weeks, and that he has, as a result of his injury a fifty per cent permanent impairment of the physical function of his back. The Commissioner has awarded compensation at the rate of $15. a week for temporary total disability for a period of fifty-two weeks, commencing on the eighth. day of such disability, and compensation at the same rate for permanent partial disability for a period of one hundred and thirty weeks as authorized by P. L. 6527, subdivision XX.

The first exception challenges the finding that the claimant had been totally disabled for work for a period of fifty-three weeks. The grounds for this exception are that the finding is without support by the evidence, or by the other findings, and that it is erroneous as a matter of law.

The findings of the Commissioner of Industrial Relations in cases within his jurisdiction stand like those of a referee or master in that if they are fairly and reasonably warranted by the evidence they are conclusive and binding in this court. *Kelley's Dependents* v. *Hoosac Lumber Co.,* 95 Vt 50, 55, 113 A 818; *Chamberlain* v. *Central Vermont Ry. Co.,* 100 Vt 284, 287, 137 A 326; *Hall* v. *Crystal Lake Ice Co.,* 109 Vt 416, 420, 199 A 252. In this respect they have the same force as a special verdict of a jury. *Town of Grand Isle* v. *Kinney,* 70 Vt 381, 389, 41 A 130; *Harris* v. *Howard,* 56 Vt 695, 697. The evidence must be taken in the most favorable light for their support, all uncertainty as to its weight being resolved against the excepting party. *Eastman* v. *Jacobs,* 104 Vt 536, 537, 162 A 382; *Reed* v. *Hendee,* 100 Vt 351, 355,. 137 A 329. Since the award of the Commissioner is the equivalent of a judgment of a trial court we must construe doubtful findings so as to support it, if this may reasonably be done. *Montpelier* v. *Calais,* 114 Vt 5, 8, 39 A2d 350; *Campbell* v. *Ryan,* 112 Vt 238, 240, 22 A2d 502; *Manchester* v. *Townshend,* 110 Vt 136, 144, 2 A2d 207; *Reed* v. *Vermont Accident Ins. Co.,* 110 Vt

501, 504, 9 A2d 111; *Reed* v. *Hendee, supra,* 100 Vt at p. 354, 137 A 329.

According to the findings of fact, the claimant was unable to work from the day of the accident, November 20, 1941, until December 27 following, and then entered the employment of the Fellows Gear Shaper Company of Springfield, Vermont. He suffered pain in his back, had to have assistance in lifting objects and was compelled frequently to sit down and rest. After about six months the pain became so severe that he consulted and received treatment from three different physicians, but without relief, his condition becoming worse. A fourth physician fitted him with a sacro-iliac brace in September, 1943, and after this he went back to work for the Fellows Gear Shaper Company and remained with that concern until September 17, 1945, when he became employed by the Mack Moulding Company, of Arlington, Vermont, where he was working at the time of the hearing before the Commissioner, in October, 1946. During the period of his severe pain and treatment he was totally incapacitated for an aggregate of nine weeks, and lost about twenty days, because of his injury, while with the Mack Moulding Company. He testified that, while working for the Fellows Gear Shaper Company, he thought he lost an average of five days a month from inability to perform his duties.

It is contended that the foregoing facts and testimony do not sustain the ultimate finding of fifty-three weeks total disability. The argument is that the respective periods of inability to work between November 20 and December 27, 1941, the nine weeks lost during the claimant's subsequent treatment, and the twenty days lost at the Mack Moulding Company amount, in all, to seventeen weeks; and that the loss of five days a month at the Fellows Gear Shaper Company amounts to a total loss of two hundred and twenty-five days for the time in which the claimant was there employed and this would be thirty-two and one seventh weeks, which, added to the seventeen weeks previously mentioned, shows only a total of forty-nine and one seventh weeks. But there was evidence that the work week at the Fellows Gear Shaper Company consisted of five days, and not seven as the exceptors seem to have computed it, so that on this basis the time lost was forty-five weeks, which would be more than enough to support the finding.

It is also argued that the claimant's testimony that he thought

that he lost five days each month, on the average, while working for the Fellows Gear Shaper Company, and twenty days while at the Mack Moulding Company, "as near as I can tell" is speculative and conjectural and forms an insufficient basis for a finding of fact. It is true that he kept no record of his absences from work caused by his injury and spoke from memory, but construed, as we have seen that it must be, most favorably in support of the finding, what he said is to be taken as his best judgment and evidence which a trier of fact might properly consider. It was introduced without objection. We cannot question its weight; that was for the Commissioner to determine. This ground of exception is unavailing.

■■ The exceptions to this and another finding on the ground that they are erroneous as a matter of law proceeds upon the theory that since the claimant went back to work on December 27th, 1941, the time subsequently lost by him during his treatments, and otherwise, caused by his injuries cannot be reckoned as a part of his temporary total disability, but must be included in the period of his permanent partial disability. It is argued that the period of temporary total incapacity within the Workman's Compensation Act (P. L. Chap. 264) "is that temporary period immediately after the accident during which the injured employee is totally incapacitated for work by reason of the illness attending the injury. It might be described as the period of the healing process." This is the language of the opinion in *Mt. Olive Coal Co.* v. *Industrial Commission,* 295 Ill 429, 129 NE 103, 104. Similar expressions may be found in other decisions. See for example *Peabody Coal Co.* v. *Industrial Commission,* 308 Ill 133, 140 NE 7, 9; *Jackson* v. *Bethlehem-Fairfield Shipyard, Inc.* Md, 44 A2d 811, 812. While, however, this may often be true, it is not, in our opinion, always so. The Act is to be construed liberally to accomplish the humane purpose for which it was passed. *Giguere* v. *Whiting Company,* 107 Vt 151, 164, 177 A 313, 98 ALR 196; P. L. 6578. Nothing contained therein warrants the conclusion that the period of temporary total disability must necessarily be continuous, and immediately follow the injury. In a proceeding under the New Jersey Workman's Compensation Act which, in this respect, is similar to our own, it is said: "It is not necessary that the period be a consecutive one, but may be broken up in re-

curring intervals." *Drexl* v. *Jorgensen,* 19 NJ Misc. 643, 22 A2d 816, 818. The Act does not require a claimant to continue to work if it will cause him to suffer severe discomfort while so engaged. *Roller* v. *Warren,* 98 Vt 514, 518, 129 A 168. See also, *Peabody Coal Co.* v. *Industrial Commission, supra.* In an action to enforce a claim for total disability under an accident insurance policy it has been held that an honest effort to labor which ought not in fact to be made does not defeat a right to indemnity. *Clarke* v. *Travellers Insurance Co:,* 94 Vt 383, 389, 111 A 449. This principle applies here. It sufficiently appears that the claimant was unable to work and lost his earning power during the several periods which are included in the finding of fifty-three weeks of total incapacity. We find no error of law in the findings.

An exception was taken to the award of compensation for permanent partial disability on the ground that there is no finding that total disability has come to an end.

By P. L. 6527 the payment of specific benefits for permanent partial disability shall be made "at the termination of total disability." It is true that there is no specific finding of such termination, but, construing the findings in support of the award, the facts reported concerning the various recurrences of the claimant's incapacity and the period of their combined duration, all of which refer to the past, lead to the inescapable inference that the Commissioner reached the conclusion that the claimant's total disability had ceased to exist prior to the date of hearing.

It appears, however, that neither the findings of fact nor the award indicates the date upon which the claimant's temporary total disability ended, and upon which the weekly payments for his permanent partial disability were to begin. If the fifty-three weeks of total incapacity were consecutive no difficulty would be presented, but since they were not consecutive an uncertainty exists in the award which we think should be obviated in justice to all the parties concerned. For this reason the cause will be remanded to the Commissioner of Industrial Relations for a further finding, and an amendment of the award upon this point.

*The award is affirmed, and the cause remanded to the Commissioner of Industrial Relations with direction that he ascertain and report the date upon which payments for specific benefits under P. L. 6527, XX, are to commence, and amend his award accordingly. To be certified.*