CARMEN RODRIGUEZ *v.* JOHN S. RODRIGUEZ

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 103915
WATERBURY

Memorandum filed August 23, 1991

*D'Amico, Griffen & Pettinicchi,* for the plaintiff.
*Brian A. Barnes,* for the defendant.

HARRIGAN, J. The issue raised by the present motion is whether weekly payments being made to the defendant pursuant to a workers' compensation specific injury award are includable in the defendant's net disposable income for the purpose of determining the amount of child support required by the child support guide-

lines. It appears to be a question of first impression in this jurisdiction.

The original form of the Worker's Compensation Act[1] provided for compensation for both total and partial incapacity resulting from injuries that did not prove fatal. "The obvious theory of this section is that the compensation is dependent upon the loss or impairment of *earning power*. . . ." (Emphasis added.) *Franko* v. *Schollhorn Co.,* 93 Conn. 13, 16, 104 A. 485 (1918).

There are other specific compensable injuries based on the loss or deprivation of a member or function. "It designates the handicap under which the employee will suffer in the future. Compensation is based upon this loss. *It is not measured,* as are the other injuries resulting in partial incapacity, *by impairment of earning power.* Each class of injuries results in partial incapacity, but *the compensation for each is based upon a different theory.*" (Emphasis added.) Id., 18. In other words, a specific injury award made pursuant to General Statutes § 31-308 (b) is not based on loss of earnings, for the final sentence of § 31-308 (c) states: "If there is no loss of earnings resulting from the injury, payments shall be made in accordance with the provisions of subsection (b) of this section."

This court cannot improve upon the opinion of Justice Wheeler in *Franko* v. *Schollhorn Co.,* supra, 20: "If the theory of these sections of our Act be disability, as the defendant insists, it is impossible to justify awards for specific injury, which in many cases will be far less than the incapacity preceding the loss of a member. If the theory of compensation for the loss of a member is because of the handicap resulting from the loss, it is at once logical and understandable, and in no wise conflicts with the award of compensation for incapacity antedating this loss."

---

[1] General Statutes (1918 Rev.) §§ 5351, 5352.

This court concludes that the payments being received by the defendant as a result of a specific injury award are not includable as income for the purpose of determining child support pursuant to the statutory child support guidelines. Such payments are neither in lieu of wages nor are they based on loss of earnings. They are based on the loss of a part of the employee's body (as from amputation), loss of its use or loss of a function of the body.

The plaintiff's motion for temporary alimony is denied, and the child support order remains unchanged at $200 weekly in lieu of alimony or retroactivity until the week commencing September 23, 1991, when the plaintiff is scheduled to return to work. The child support payment due on September 27, and weekly thereafter, shall be $145.[2]