[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Judgment of dissolution was entered May 28, 1993. Custody of the two minor children, visitation and child support were all agreed upon as follows:
1. Custody of both minor children is awarded to the mother with reasonable visitation awarded to the father including alternating holidays.
2. Child support is agreed to be $128 weekly unless the court finds reason to adjust the plaintiff's weekly net disposable income. The plaintiff has been paying the child support to Support Enforcement, Docket FA90-99698.
The parties disagree concerning the workers' compensation benefits and the potential recovery anticipated from a July 1, 1991 motor vehicle accident. A pending negligence suit has been brought involving the same accident, and resulting in the same injuries, (#CV-91-106352). Both parties are plaintiffs, the CT Page 6519 defendant pressing a loss of consortium claim. The plaintiff's employer has joined as co-plaintiff seeking reimbursement for the comp. advances. The defendant cites Raccio v. Raccio, 41 Conn. Sup. 115
(DeMayo, J.) which held that an unliquidated personal injury action is subject to an award pursuant to 46b-81, Connecticut General Statutes and then the court proceeded to adopt a formula dividing the anticipated award. In that case the wife cared for the injured husband, had no marketable skills, little job training and was a DES victim. In the present case, the parties separated on December 26, 1991, six months after the accident. This court declines to follow Raccio for the facts here are entirely different and, unlike Raccio, there is no evidence that the defendant's loss of consortium claim will not adequately compensate her for her claimed losses.
The plaintiff attempts to come within the purview of Rodriguez v. Rodriguez, 42 Conn. Sup. 34 (Harrigan, J.). The evidenciary [evidentiary] record in this present case is inadequate to establish that the plaintiff is presently on a specific injury pay-out.
3. The plaintiff is ordered to pay to the defendant the sum of $1.00 per year periodic alimony until either party dies or the defendant remarries.[1]
4. Each party will retain the assets each now owns and each party will pay the creditors each now owes.
Counsel for the plaintiff shall prepare the Judgment file.
HARRIGAN, J.