[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter came before the court on January 18, 1995 on the plaintiff's motion to reopen and vacate/modify the judgment of dissolution entered On August 11, 1994 (Quinn, S.T.R.). While the judgment of dissolution was entered on that date, the financial and other orders were not approved until August 30, 1994, with the court noting on the proposed orders that, "having received no objections to the proposed orders, they are made part of the CT Page 1402-Q divorce decree." Notice of the proposed orders had been given to the defendant, who had filed a pro se appearance but not been present at the uncontested hearing, and to the Office of the Attorney General.
The portion of the orders which the plaintiff seeks to modify awarded her "all control, monies, right, title and interest in a certain worker's compensation claim for permanent partial disability claim (sic) pending in the Connecticut Third District Worker's Compensation Office" on behalf of the defendant "as settlement of all property claims". See paragraph 5 of the Proposed Orders submitted by the plaintiff and approved by the court. The modification requested is that the plaintiff be awarded the same right, title and interest in the defendant's worker's compensation claim but as unallocated alimony and support rather than as a settlement of property rights. See the Order re: Motion to Reopen and Vacate/Modify Judgment (#113), filed by the plaintiff on January 18, 1995.
The plaintiff's motion to open and vacate/modify the judgment was filed within four months from the date of judgment. See Practice Book § 326. The court notes that this was not a judgment by stipulation, where the grounds for opening the judgment are severely restricted. See Jenks v. Jenks,34 Conn. App. 462, 465 (1994), certification granted 230 Conn. 911
(1994). Rather, the orders were entered as part of an uncontested dissolution proceeding. Therefore, the court possesses broader powers to open and modify such a judgment as long as a motion is filed within the four-month period established by Practice Book § 326. Blake v. Blake, 211 Conn. 485, 494-95 (1989); State v.Wilson, 199 Conn. 417, 437 (1986).
The modification requested by the plaintiff would not change the distribution of the parties' marital assets. It would simply redesignate the plaintiff's claim to the defendant's worker's compensation benefits as unallocated alimony and support rather than as a property settlement. The criteria to be considered by a court in determining property settlements and alimony awards are essentially the same. See §§ 46b-81 and 46b-82 of the General Statutes. In this case the defendant's worker's compensation claim was essentially the parties' only asset. Therefore, the requirement that property settlements reflect the "contribution of each of the parties in the acquisition, preservation or appreciation in value of their respected estates", which need not be considered in alimony awards, is not apposite here. Since the CT Page 1402-R court which heard the evidence in this uncontested dissolution concluded that the plaintiff should receive all of the defendant's right, title and interest in the worker's compensation claim, along with awards for alimony and child support, this court believes that it would not be contrary to the trial court's intention for it to redesignate the award of the defendant's right, title and interest in his worker's compensation claim as lump-sum alimony rather than as a settlement of the parties' property rights.
The plaintiff has not specified whether the worker's compensation claim is one for lost wages and medical expenses or one for loss of bodily function or a combination of both. In recent decisions of the Superior Court it has been held that the latter may not form the basis for a child support award. See Tyc v. Tyc, 12 Conn. L. Rptr. No. 7, 215 (1994); Rodrigues v. Rodrigues,42 Conn. Sup. 34, 36 (1991). Since the court is not certain as to the nature of the claim, it will err on the side of caution and deny the plaintiff's request to designate her interest as unallocated alimony and support. Rather, the court will award the total right, title and interest in the worker's compensation award to the plaintiff as lump-sum alimony.
The court does not consider that § 31-320 of the General Statutes poses any obstacle to this award. That section provides that "all sums due for compensation under the provisions of this chapter shall be exempt from attachment and execution and shall be nonassignable before and after the award". While the relationship between that section and alimony awards has not been considered by an appellate court, two trial court judges have held that it does not prevent assignment of the claimant's interest in such an award for the support of his family. SeeState v. Reed, 5 Conn. Cir. 69, 241 A.2d 875 (1967); Tyc v. Tyc, supra. The latter decision concludes that, "it has generally been held that a constitutional or statutory exemption of wages or payments under worker's compensation laws for claims from debt does not prevent the enforcement of alimony or support against sums due from these sources". 12 Conn. L. Rptr. No. 7 at 217. (Citations omitted). The plaintiff's motion to open the judgment is granted. The judgment is hereby modified to provide that, in addition to the award of weekly alimony provided for in the original orders, the plaintiff is to receive lump-sum alimony in the form of an assignment to her of the defendant's entire right, title and interest in the worker's compensation claim pending in the Connecticut Third District Worker's Compensation Office, CT Page 1402-S known as case no. 30668-7, entitled Larry A. Young v. AdvancedInteriors, Inc. a/k/a Davis Acoustical Corporation.
It is further ordered that the plaintiff is to begin receiving immediately any payments currently being made to the defendant in connection with that claim. These payments are to be forwarded to the plaintiff by the defendant's counsel in the worker's compensation claim, Attorney Charles E. Tiernan, Esq., until such time as the plaintiff may secure an order from the worker's compensation commissioner redirecting the payments to her.
It is further ordered that, if the defendant shall receive a lump-sum award in satisfaction of his claim by settlement, stipulation or otherwise, the proceeds of that lump-sum award shall be immediately paid to the plaintiff. In the event the defendant receives payments on his worker's compensation claim in installments, those installments are to be paid directly to the plaintiff, pursuant to this order. Plaintiff's counsel is ordered to draw a judgment file within two weeks from the date of this order, reflecting all of the provisions of the original judgment as modified herein, and plaintiff's counsel is further ordered to notify the defendant's counsel in the worker's compensation case, Attorney Charles E. Tiernan, and the attorney general's office[1] of the court's order.