[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS ON PLAINTIFF'S MOTION TO MODIFY JUDGMENT (NO. 137) AND DEFENDANT'SMOTION FOR MODIFICATION OF JUDGMENT (NO. 145)
The parties' marriage was dissolved on an agreed upon basis on February 10, 1993. A settlement agreement was submitted to the court. The trial court (Mihalakos, J.) ordered that the plaintiff husband pay $535 per week as total child support for the parties' three minor children. That court found that such amount was in accord with the then child support and arrearage guidelines. The plaintiff's financial affidavit submitted at the time of the CT Page 8759 decree reported $1,395.61 in net weekly income comprised of workers' compensation, Veterans' Administration and other disability payments.
In the plaintiff's motion for modification of judgment dated August 11, 1993 (No. 133), on the ground of a substantial change in circumstances, his child support obligation was reduced to $504 per week for the children on November 1, 1993. The plaintiff's financial affidavit filed October 18, 1993, reported net weekly income of $1,082.24. The parties point to no finding on the record regarding the application of the guidelines, or the presumptive guideline amount.
The plaintiff's motion to open and modify the judgment alleges a substantial change in the parties' circumstances, and, broadly read, a substantial deviation from the guidelines, and seeks modification of the child support in accordance with the guidelines. The defendant's motion for modification also alleges a substantial change in circumstances. The change of circumstances, if any, must be measured from November 1, 1993, the date of granting the plaintiff's last motion for modification. See Borkowski v. Borkowski, 228 Conn. 729 (1994);Benson v. Benson, 187 Conn. 380 (1982).
The parties submitted the issue to this court on their financial affidavits, child support guideline worksheets and oral argument by the plaintiff appearing pro se and the defendant's attorney.
The parties' principal disagreement[1] arises out of the categorization of the plaintiff's receipt of a specific award from his back injury, of $570.76 per week, for 82.3 weeks. The plaintiff basically claims that the specific award is not includable in his net disposable income for purposes of a child support determination. He argues that the award, although received in installments, is in the nature of a property settlement, and that the parties treated it as such in their agreement underlying the decree.
In that decree, it is significant to note that the defendant is entitled to receive 25 percent of the award, or $142.69 per week, for the duration of the payments. The defendant asserts that workers' compensation benefits, of whatever nature, are includable in gross income pursuant to the guidelines, pointing to § 46b-215a-1(11)(A)(vii).[2]
CT Page 8760
The court agrees with the plaintiff, and holds that the specific award is not includable in the plaintiff's net disposable income for the purposes of a child support determination. First, the parties appeared to treat the award as a property settlement in the separation agreement upon which the decree was based. Second, the court is persuaded by the reasoning of Judge Harrigan, who held in the case of Rodriguez v.Rodriguez, 42 Conn. Sup. 34, 36, 4 Conn. L. Rptr. 449 (1991) that: "[T]he payments being received by the defendant as a result of a specific injury award are not includable as income for the purpose of determining child support pursuant to the statutory child support guidelines. Such payments are neither in lieu of wages nor are they based on loss of earnings. They are based on the loss of a part of the employee's body (as from amputation), loss of its use or loss of a function of the body." I see no basis to depart from the ruling in that case which is clearly applicable here.
The plaintiff has demonstrated a substantial change in circumstances as his net weekly income has been reduced from $1,395.61 to $568.12, a reduction of about 50 percent. I recognize that this reduction includes the $234.12 weekly deduction by the Navy for the severance pay overpayment, which compels the plaintiff to make a total reimbursement of $25,493, which includes the defendant's portion of $6,379. However, the combination of his loss of income and loss of the severance payment, when taken together are not sufficiently balanced by the receipt of his workers' compensation specific award, and when comparing his financial condition as a whole, I conclude that there is a substantial, adverse change in his circumstances.
The plaintiff has also demonstrated that the present child support order of $504 substantially deviates from the guidelines which suggest $248 per week, a deviation of 51 percent. This presumption has not been rebutted by any other evidence in the record.
Having determined that the plaintiff has met the threshold conditions of a substantial change in circumstances and deviation from the guidelines, I now consider his motion for modification.
The guidelines, of course, in any motion for modification of child support, must be considered "in addition to and not in lieu of the criteria for such awards established in sections 46b-84
[and] 46b-86. . . ." Section 46b-215b(b). In this case, as noted, CT Page 8761 the presumptive amount suggested by the guidelines for the support of the plaintiff's three children is $248 per week. The defendant's weekly expenses for herself and the three children, none of which were challenged as unreasonable, total $754 per week, exclusive of payments on liabilities of $28 per week. Even with the current child support order of $504 per week, her portion of the specific award of $142.79 per week and the alimony of $10 per week,[3] she would have a significant weekly shortfall.
I also find that the plaintiff now has a substantial asset,[4] that is, his portion of his specific injury award, which will provide him with $428 per week for 83.2 weeks. This constitutes a ground to deviate from the guidelines. See46b-215a-3(b)(1)(A) of the Child Support and Arrearage Regulations.[5]
It would therefore be inequitable or inappropriate to apply the guidelines mechanistically in this case. I have considered all of the applicable factors in §§ 46b-81, 46b-82 and 46b-84
in the light of the foregoing findings and grant the plaintiff's motion to modify the judgment. The defendant's motion for modification of judgment is denied.
The following orders are therefore entered.
(1) Child support of $350 per week shall be paid by the plaintiff to the defendant, effective July 10, 1995.
(2) The parties are ordered to participate in the Parenting Education Program, pursuant to § 46b-69b.