[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONSTO MODIFY, REOPEN (NO. 169.09) AND CLARIFY (NO. 170.09)
The defendant has moved that the court modify that part of its decision which ordered the parties to share the cost of the child's travel, pay their own counsel fees and pay one-half of the CT Page 1414-J child's counsel's fees. It further ordered that no child support be paid by the plaintiff to the defendant because of the defendant's lack of income.
That is a somewhat disingenuous statement. The plaintiff did have income from a Social Security disability payment. As a result of his getting the Social Security payment, the child also gets an award for his support.
The motion further states that while the decision of the court was pending the plaintiff became employed. No evidence was presented to substantiate this claim.
The next statement is that he received a substantial amount of money as disposition of his pending Workman's Compensation claim and that receipt of such income funds is a substantial change in the plaintiff's circumstances warranting a modification of the court's decree.
The first question is whether or not there has been a substantial change in circumstances from the time of the trial. During the trial, there was evidence that the plaintiff was receiving Social Security disability and had a Workman's Compensation claim pending on which he expected to receive an award. The substantial change of circumstances claimed is that he has now received that award. The rest of the claim that he is employed as no basis in the evidence — that is, none was presented to substantiate that claim.
The plaintiff makes two claims, one that the matter was envisioned by the court at the time of the trial since there was evidence that such an award was to be expected. The other is that even if the court entertained the motion to modify the award in question may not be used for child support payments.
Both parties cite the case of Rodriguez v. Rodriguez,42 Conn. Sup. 34 (1991). However, the Rodriguez case dealt with Workman's Compensation weekly payments. Under our present child support guidelines effective June 1, 1994, Workman's Compensation are specifically included in the gross income to be considered in determining the child support payments. Here, however, the question is whether a lump sum apparently awarded for permanent injury represents a substantial change in circumstances sufficient to warrant a modification if one were justified, and if it were, then is it appropriate to use the lump sum to discharge a child CT Page 1414-K support obligation.
While the evidence at the trial did establish that an award was expected, the amount thereof was never posited. The court believes that the receipt of the amount in question is a substantial change in circumstances warranting consideration of a modification.
However, the modification suggested is of two payments which were not based on the plaintiff's lack of a job as was the failure to order child support as such given also the fact that support was being paid through Social Security disability.
What's being asked here is that the plaintiff pay a larger share of the counsel fees for the child on the one hand and that he be responsible for a larger share of the transportation costs when the child is flown with an adult.
The court's original decision was not based on the plaintiff's earnings or even on his assets. It was based on what the court considered to be a fair distribution of the expenses involved in traveling and in the provision of counsel for the child in this matter. Since the reason for the problem of transportation arises because the defendant moved away from the plaintiff's home city, she must bear some responsibility for the costs of the plaintiff's visitation. It was on that basis that the court made the order in question and the court sees no reason to modify it.
The order with respect to payment of counsel fees was also based on an evaluation of what was fair. Both parents have an equal responsibility to the child; therefore, their responsibility for the payment of counsel fees is likewise equal.
Consequently, while the court grants the motion to modify, it denies the relief requested.
As the motion to reopen (docket entry 169.09) makes virtually the same arguments stated above, the court's decision is the same and the motion is denied.
As to the motion to clarify (docket entry 170.09), a stipulation was entered into between the parties clarifying any ambiguities with regard to visitation and made an order of the court. CT Page 1414-L
MARGARET C. DRISCOLL, STATE TRIAL REFEREE